# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2011

No. 10-20810
Summary Calendar

Lyle W. Cayce
Clerk

ATAUYO UMONDAK,

Plaintiff - Appellant

v.

CODY GINSEL,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-3974

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Atauyo Umondak, Texas prisoner # 1576409, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Umondak alleged in his complaint that, while housed at the Byrd Unit as a transient prisoner, he was denied out-of-cell recreation, contrary to Texas Department of Criminal Justice (TDCJ) policy. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claimed violations of:  his Eighth Amendment right to be free from cruel and unusual punishment; and his Fourteenth Amendment right to due process.

The dismissal of Umondak's claims, as both frivolous and for failure to state a claim, is reviewed *de novo*.  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).  In reviewing whether the complaint fails to state a claim, the dismissal pursuant to § 1915(e)(2)(B)(ii) is reviewed under the same standard for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Id*. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  Alternatively, a dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i) will be upheld if it has no arguable basis in law or fact.  *Samford*, 562 F.3d at 678.

Umondak contends the TDCJ's out-of-cell recreation policy creates a protected liberty interest in such exercise; he maintains the denial of such exercise without notice and a hearing violated his due-process rights.  Umondak's claim, which involves an alleged deprivation of out-of-cell recreation for approximately 25 days, fails to state a due-process violation.  *See Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (changes in conditions or quality of confinement do not implicate due-process concerns).

For his Eighth Amendment claim, Umondak contends the denial of out-of-cell exercise for 25 days while he was at the Byrd Unit violated his right to be free from cruel and unusual punishment.  As stated in an attachment to the complaint, Byrd Unit policy is that transient-status prisoners are not permitted out of their cells for recreation.  "'Prison administrators are to be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to

maintain institutional security.'" *Block v. Rutherford*, 468 U.S. 576, 585 (1984) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

Furthermore, to establish an Eighth Amendment violation for conditions of confinement, a prisoner must show that the alleged violation was sufficiently serious—it deprived him of the minimal level of life's necessities—and that prison officials acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994). "To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendant[] (1) w[as] aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that [he] actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). Umondak has not alleged that defendant was aware of an "excessive risk" to Umondak's health or safety or knew a potential for harm existed and acted with deliberate indifference to it. Accordingly, the allegations in Umondak's complaint are insufficient to state a claim that is plausible on its face. *See Iqbal,* 129 S. Ct. at 1949; *Samford*, 562 F.3d at 682.

AFFIRMED.